**E-FILED**
Thursday, 23 October, 2008  03:11:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JESSE R. LEE,
    Plaintiff,

vs.                                                                                   08-1043

Dr. LIPING ZHANG, et.al.,
    Defendants.

## SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the Defendant Zhang's motion for summary judgement. [d/e 26].

## I. BACKGROUND

The plaintiff, a pro se prisoner, originally filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. On February 25, 208, the court conducted a merit review and found that the plaintiff had adequately alleged that Defendants Dr. Zhang and Warden Eddie Jones violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The plaintiff says the lack of care lead to sores, scabs and scars on his legs. The claim was against the defendants in their individual capacities.

## II. FACTS

The plaintiff has not directly responded to the defendant's statement of undisputed facts. The Chairperson for the Office of Inmate Issues, Sherry Benton, says she has searched the records of the Administrative Review Board (herein ARB). Benton says there is no record that the plaintiff has appealed any grievances concerning a lack of medical care by Dr. Zhang that lead to sores, scabs or scars on his legs. (Def. Memo, Benton Aff, p. 3)

## III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e).   In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts.  *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV. ANALYSIS

Defendant Zhang argues that the plaintiff has failed to exhaust his administrative remedies as required for his claim against her.   The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendant has provided evidence that the plaintiff did not appeal any grievance concerning Dr. Zhang to the ARB.  The plaintiff says he has evidence to support his claim.  In addition, he has provided a copy of a grievance he filed on July 1, 2008 regarding his lack of medical care.   The plaintiff filed his case on February 7, 2008.   The defendant filed her motion for summary judgement on June 21, 2008. The plaintiff must exhaust all administrative remedies BEFORE filing a lawsuit.  Therefore, the court must dismiss the plaintiff's claims against Defendant Zhang.

## V. CONCLUSION

The court will dismiss the Eighth Amendment claim against Defendant Zhang for failure to exhaust administrative remedies.  The plaintiff's sole surviving claim is that Defendant Jones

was deliberately indifferent to his medical condition.   Given the record before the court, it is doubtful that the plaintiff exhausted his administrative remedies for this claim. While the dispositive motion deadline is not until December 19, 2008, exhaustion is an initial requirement that should be addressed sooner rather than later.  Therefore, if Defendant Jones believes the plaintiff has failed to exhaust his administrative remedies for his claims against the defendant, Defendant Jones must file a motion for summary judgement on this issue within the next 30 days or he will waive this argument.

**IT IS THEREFORE ORDERED that:**

**1) Defendant Zhang's motion for summary judgement  is granted pursuant to  Fed. R. Civ. P. 56. [d/e 26]   The clerk of the court is directed to enter judgment in favor of Defendant Zhang in accordance with this order.**

**2) The discovery and dispositive motion deadlines remain as set with one exception: if Defendant Jones believes the plaintiff has not exhausted his administrative remedies for his claim against Defendant Jones, the defendant MUST file a motion for summary judgement on this initial requirement within the next 30 days.**

Enter this 23rd day of October, 2008.

**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE